[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10536

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DYMERANCE JERMAINE ODOM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:10-cr-14097-KMM-1

_____

Before WILSON, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Dymerance Jermaine Odom, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for a sentence reduction under Section 404(b) of the First Step Act.[1]  Pertinent here, among his other claims, Odom provided a newly obtained Psychological and Behavior Assessment (PBA) evaluation form from the School District of Indian River County, Vero Beach, Florida and  requested the court re-evaluate his prior request for a downward variance based on Diminished Mental Capacity.   The PBA form evidences his mental capacity—deemed within the Educable Mental Handicapped range—during his adolescence.   The District Court denied Odom's motion for a sentence reduction. Odom timely appealed.

The United States Supreme Court held "the First Step Act allows district courts to consider intervening charges of law or fact in exercising of their discretion to reduce a sentence pursuant to the First Step Act." *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022).  And, because district courts must "consider nonfrivolous arguments presented by the parties, the First Step Act requires district courts to consider intervening changes when parties raise them." *Id.* at 2396.  District courts ruling on First Step Act motions

---

[1] First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 ("First Step Act").

bear the "standard obligation to explain their decisions," and accordingly must give a "brief statement of reasons" to "demonstrate that they considered the parties' arguments." *Id.* at 2404.

Here, while the district court did address Odom's argument that he has since matured during his time in prison, the district court failed to address Odom's newly obtained PBA form or indicate that it considered his claim for a diminished mental capacity variance. Accordingly, we vacate and remand this case for further consideration in light of *Concepcion*.

**VACATED and REMANDED.**